# FRANK CLARK, by his next friend *v.* THE C., B. & Q. RAILWAY COMPANY.

*(In the Circuit Court of the United States, Southern District of Iowa— January, 1883).*

RAILROAD—NEGLIGENCE—INJURY TO PASSENGERS—PLEADING. The plaintiff in a suit against a railroad company to recover damages for injuries received while traveling as a passenger on the defendant's cars through the defendant's negligence, is not bound to state in his declaration the particular facts constituting the negligence. It is sufficient to state generally that the injury was the result of the defendant's negligence.

Action to recover damages for personal injuries. Motion to make declaration more specific.

The opinion of the Court was delivered orally by McCrary, Circuit Judge, who discussed the requisites of a declaration in such a case with respect to the allegation of negligence. He said in substance: The question is one of pleading, and not necessarily one of evidence. The plaintiff, who was injured while traveling as a passenger on board the defendant's cars, alleges that he was injured by the derailment of the train on which he was traveling, and that the injury resulted from negligence on the part of the defendant, but he does not state in what the negligence consisted. If this were a suit by an employee it might, perhaps, be necessary to specify in the complaint the facts constituting the negligence; but there is a material difference between a suit by an employee and a suit by a passenger, for personal injury. The latter has, as a general thing, no means of knowing what has caused the accident or injury. He has nothing to do with the operation of the road. He may be only one of a thousand passengers occupying many coaches. He may be so seriously injured as to be unable to inquire into the causes of the accident. He may be killed, and suit may be brought by his representatives. Many reasons suggest themselves at once why it would be a harsh rule to require a passenger who sues for an injury to specify the acts of· negligence or the facts showing want of care on the part of the railroad company. It is accordingly settled, we think, by reason and authority, that it is sufficient to state in the declaration generally that the injury was the result of de-

fendant's negligence.    When it comes to the trial the burden is upon the plaintiff to show a *prima facie* case.    Whether he does so by showing simply that the car ran off the track and that he was injured in consequence, is a question which may arise on the trial, but which is not now before us.    He must show enough to raise a presumption of negligence on the part of the defendant, but how far he must go in order to do this we need not now determine.

This view is supported by the authority of Thompson's work on Carriers of Passengers, page 547, Sec. 9, and by the cases there cited.

*Hagerman, McCrary & Hagerman,* for plaintiff.

*H. H. Trimble,* for defendant.

## BOOK NOTICES.

THE LAWYER'S REFERENCE MANUAL OF LAW BOOKS AND CITATIONS, By CHARLES C. SOULE.    Boston:  Soule & Bugbee, 1883.

The publishers have placed us under obligations by forwarding us a copy of this book, the want of which every attorney has seriously felt. The work comprehends:  (1) A list of American Reports, Digests, Digests and Statutes, with brief notes; (2) lists of English, Irish, Scotch and British Colonial Reports, with notes; (3) an index of authors, etc., which serves both as an index to the proper names, and as an original list of short titles of the principal law journals and elementary works; (4) an index of subjects covering elementary works and periodicals; (5) an index of abbreviations—which is very full, and more nearly complete than anything of the kind which has fallen under our observation.  The paper and type are excellent, and in workmanship the book is a gem.

A GENERAL TREATISE ON PLEADING AND PRACTICE IN CIVIL PROCEEDINGS AT LAW AND IN EQUITY UNDER THE CODE SYSTEM, DESIGNED FOR THE USE OF THE ACTIVE PRACTITIONER, IN ALL STATES AND TERRITORIES IN WHICH THE CODE SYSTEM HAS BEEN ADOPTED:  By T. A. GREEN, of the Denver Bar, with head notes, contents and index compiled by WM. G. MYER, of the St. Louis Bar.    St. Louis, Mo: W. J. Gilbert.

It is sufficient to say of this admirable work that it is all that its comprehensive title implies.    The work has been carefully and laboriously performed by the author, and the bar, in the Code States, can ill afford to be without the book.