## CARTER v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILWAY COMPANY.

1. **Negligence: PLEADING: EVIDENCE.** Where plaintiff averred negligence of one kind, it was erroneous to permit him, over defendant's objection, to introduce testimony as to negligence of a different kind, not referred to in the petition.

2. **Railroads: FIRES FROM ENGINE: MEANS USED TO PREVENT: EVIDENCE.** Where defendant was charged with negligence in the construction and use of a locomotive, whereby damage by fire resulted to plaintiff, it should have been allowed to show why a netting finer than the one actually used by it to prevent the escape of sparks could not be used without interfering with the working capacity of the locomotive.

### Appeal from Shelby District Court.

### TUESDAY, DECEMBER 9.

ACTION for damages sustained by a fire alleged to have been set out by the defendant. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Sapp & Pusey*, for appellant.

*P. P. Kelley* and *Macy & Gammon*, for appellee.

ADAMS, J.—I. The plaintiff averred in his petition that the defendant's "freight train was so carelessly and negligently managed and operated that the sparks from the engine set fire to and burned ninety tons of hay," etc. On trial, the evidence tended strongly, if not conclusively, to show that the fire was not set out by reason of any defect in the appliances used, or by reason of any negligence of the defendant in the manner in which the train was managed or operated. But the plaintiff was allowed to introduce evidence tending to show that defendant was guilty of negligence in allowing dry grass and other combustible material to accumulate on the right of way, and that a spark, though perhaps escaping without

the negligence of the defendant, set fire to the combustible material negligently left on the right of way. The defendant objected to the introduction of such evidence, but the objection was overruled, and the overruling of the objection and admission of the evidence are assigned as error.

Whether it was necessary for the plaintiff to aver that the defendant was guilty of negligence, and, if so, whether it was necessary for him to aver in what the negligence consisted, we need not determine. Having averred negligence, and in what the negligence consisted, we think that the plaintiff should not have been allowed to show other negligence. The defendant, it seems to us, was justified in assuming that the issue was not broader than that which the plaintiff, by his express averments, had seen fit to tender. If we should hold that the plaintiff might aver one kind of negligence and prove another, we should not only hold, in effect, that the averment had no significance, but that it was allowable for the plaintiff to so frame his petition that it should be well calculated to deceive and mislead the defendant. In allowing the evidence as to combustible material in the right of way, we think that the court erred. As tending to support our view, see *Denton v. Chicago, R. I. & P. R. Co.* 52 Iowa, 161.

II. The evidence showed that the defendant, to prevent the escape of sparks, used a cone and netting, but that such appliances, though useful, were not effectual to prevent the escape of sparks entirely. For the purpose of showing that the defendant was not negligent, notwithstanding the escape of sparks, it asked its engineer a question in these words: "Now, suppose that there was a netting of much smaller mesh used over the smoke-stack, and a larger cone,—one that would more obstruct the stack, what effect would that have upon the draft of the engine, if any—upon its capacity to perform its work?" This question was objected to by the plaintiff, and the objection was sustained, As a netting might doubtless have been used with so small a mesh as to prevent all escape of sparks,

2. RAILROADS: fires from engine: means used to prevent: evidence.

and as such fact must have been obvious to the jury, and probably present to their mind, we think, that the defendant should have been allowed to show why such netting could not properly be used.

Some other questions are presented, but, as they may not arise upon another trial, and as we might not be agreed in relation to them, we omit to consider them.

REVERSED.