JOHN EKMAN *vs.* MINNEAPOLIS STREET RAILWAY COMPANY.

July 15, 1885.

**Complaint—Child Injured on Turn-table.**—The complaint in this case considered, and *held* to state a cause of action.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, sustaining a demurrer to the complaint.

*Worrall & Kinney,* for appellant.

*Randall & Truesdale,* for respondent, cited *Fitzgerald* v. *St. P., M. & M. Ry. Co.,* 29 Minn. 336; *Hartfield* v. *Roper,* 21 Wend. 615; *Abbott* v. *C., M. & St. P. Ry. Co.,* 30 Minn. 483.

BERRY, J.  The complaint alleges that defendant "negligently and wilfully" permitted one of its turn-tables to be and remain in a dangerous and unsafe condition in the respect of leaving a dangerous opening in the same "unprotected;" that on June 29, 1884, one of defendant's cars, in charge of its servant, was driven upon the turn-table, and carelessly and negligently swung around thereon, while plaintiff's child, who was of tender years, (four years old,) and without judgment or discretion, was standing on said turn-table; that by reason of the negligence of defendant the child's foot passed through the dangerous opening and he was grievously injured, etc. Clearly the complaint states a cause of action, to wit, for an injury to the child by reason of defendant's negligence.  If there was contributory negligence on the part of the child or its parents, that is matter of defence.  There is nothing on the face of the complaint from which it is necessarily to be inferred.  It was not necessary that all the facts constituting defendant's negligence should be set out in specific detail.  *Clark* v. *C., M. & St. P. Ry. Co.,* 28 Minn. 69.  If the fact admitted on argument by plaintiff and considered by the court below, viz., that the driver of the car did not know that the child was on the turn-table when the car was being turned, be taken as alleged in the complaint, there is still a cause of action alleged, for the facts and circumstances might have been such as to make it his duty as defendant's servant to know it, and negligence in him as such servant not

to know it, especially in view of the alleged dangerous and unsafe condition of the turn-table.

Order reversed.

DICKINSON, J. I concur in the decision. I think, however, that there is another reason for it, in addition to that indicated in the foregoing opinion. It is my individual opinion that the complaint alleges negligence in respect to the condition of the turn-table, which, the consequent injury being also shown, constitutes a cause of action, even though the driver was not chargeable with negligence.