[No. 170. Decided July 15, 1891.]

## J. C. Rathbun v. Thurston County.

### APPEALS — RECORD — PRESUMPTIONS.

Where the evidence in a cause is not made a part of the record on appeal, it will be presumed that the findings of fact by the court below were warranted by the evidence.

*Appeal from Superior Court, Thurston County.*

Action by J. C. Rathbun against Thurston county on a contract for publishing a delinquent tax list. Judgment for plaintiff for part of his claim, from which judgment he appeals.

*J. C. Rathbun,* for appellant.

*Chas. H. Ayer,* County Attorney, and *W. J. Milroy,* for appellee.

The opinion of the court was delivered by

ANDERS, C. J.—This action was tried in the court below upon a written stipulation of facts, from which it appears that appellant, who was the publisher of a newspaper, advertised the delinquent tax list of the county for the year 1889, for an agreed compensation of 75 cents for each separate description of real estate for the first insertion, and 25 cents for each subsequent insertion. It is conceded that the advertising was done in accordance with law and the agreement of the parties; but, on settlement with the county commissioners for the work done, a controversy arose over the meaning of the expression "each separate description of real estate." The plaintiff contended that a separate description of real estate is a description of an individual lot, tract or parcel of land appearing upon the assessment roll, without respect to the number of such individual lots, tracts or parcels that may have been assessed to a single owner, notwithstanding the tax levied upon all such parcels may have been carried out in total, and placed opposite the last item in the list. On the contrary, the commissioners claimed that such separate description embraces all the lots, tracts and parcels of land assessed to a single owner, where the valuation thereof is carried out in total, and the tax levied against the whole is placed opposite the last item in the list instead of a separate assessment and valuation being made for each such lot, tract or parcel of land. According to the contention of plaintiff he is entitled to be paid the contract price for publishing 564 separate descriptions, but according to the view of defendant he is only entitled to compensation for advertising 270 of such descriptions, and for which the county paid him.

The court below found as facts that the delinquent tax list published by plaintiff contained 330 separate descriptions, and that there was still due the plaintiff from defend-

ant the sum of $90, for which sum judgment was duly rendered for plaintiff. The latter brings the case here, and asks this court to define the abstract meaning of the words "separate description of real estate." These words are of such obvious import that we doubt if any definition we might undertake to give would render their meaning more clear than that suggested by the words themselves. It would seem evident that a separate description of a tract of land is such a description as will sufficiently identify it for the purpose for which the description is required. A description in a deed might or might not be sufficient in an assessment for the purpose of taxation. But, so far as this case is concerned, we have nothing before us whereby we can ascertain how the lands were described in the delinquent tax list as published by appellant, and are therefore unable to determine whether the court below adopted the theory of the plaintiff or that of the defendant. The delinquent list, as published, not having been made a part of the record here, we must conclude that the findings of fact of the court below were warranted by the evidence, and that the judgment therein rendered is correct.

The judgment of the lower court is therefore affirmed.

SCOTT, STILES, DUNBAR, and HOYT, JJ., concur.