[No. 1345.    Decided May 28, 1894.]

OLIVER W. REDFORD, *Respondent*, v. SPOKANE STREET RAILWAY COMPANY, *Appellant*.

NEGLIGENCE — PLEADING — INSTRUCTIONS — VERDICT — SPECIAL
FINDINGS.

Where the only allegations of negligence in a complaint for injuries received as the result of a collision with a street car are that defendant "carelessly and negligently run one of its cars along said street at a high rate of speed, and negligently and carelessly omitted while approaching plaintiff to give any signal by ringing the bell, or otherwise, of the approach of said car," it is error for the court to try the case upon the theory that general negligence had been alleged.    (DUNBAR, C. J., dissents.)

Where requests for special findings are made the court should, after having determined that the requests are proper, instruct the jury that it is their duty to answer each one of them, and until such

requests have been answered by the jury, without any attempt at evasion, the general verdict should not be received.

In an action for damages against a street railway company for injuries received as the result of a collision, it is erroneous to charge the jury that a person might foolishly and carelessly and recklessly get upon the track of the railway and yet recover damages unless the company was without fault in running the car against him.

*Appeal from Superior Court, Spokane County.*

*Thomas C. Griffitts,* for appellant:

In the absence of a general allegation of negligence in the complaint, the evidence must be confined to and the recovery based upon the particular acts of negligence alleged in the complaint. *Chicago, etc., R. R. Co. v. Bell,* 112 Ill. 360; *Wabash, etc., R. R. Co. v. Coble,* 113 Ill. 115; *Jeffersonville R. R. Co. v. Dunlap,* 29 Ind. 426; *Kennedy v. Morgan,* 57 Vt. 46; *Luckie v. Railroad Co.,* 67 Mo. 245; *Terre Haute, etc., R. R. Co. v. Augustus,* 21 Ill. 186; *Parker v. Railroad Co.,* 16 Barb. 315; *Highland Ave. Belt Road v. Winn,* 9 South. 509; *Favre v. Louisville, etc., R. R. Co.,* 16 S. W. 370; 2 Thompson, Neg., § 1247; 3 Lawson, Rights, Rem. & Pr., § 1261.

*Forster & Wakefield,* for respondent:

The allegations of negligence in the complaint are sufficient to admit the evidence offered. *Wild v. Oregon Short Line,* 27 Pac. 954; *Hayes v. Michigan Central R. R. Co.,* 4 Sup. Ct. 369.

The opinion of the court was delivered by

HOYT, J.—Plaintiff sought by this action to recover for personal injuries alleged to have been received by him in a collision between one of the cars of the defendant and the wagon in which he was riding.

It is evident from the course of the trial, as shown by the record, that the superior court construed the allegations

of negligence on the part of the defendant set out in the complaint to be such that thereunder evidence of negligence in general could be introduced, and a verdict thereon rendered by the jury.    This is not only evident from its rulings upon the admission of testimony, but is also shown by the instructions given to the jury.    To show this it is only necessary to give the following brief extract from the instructions:   "If you find that  .  .  .   the defendant, or the motorman who operated its cars, was guilty of negligence or recklessness or carelessness which produced the accident, then the plaintiff ought to recover;" from which it will be seen that thereunder the jury were authorized to find a verdict for the plaintiff if they found that the defendant, or its motorman, had been guilty of any negligence whatever.    Under this instruction the jury were authorized to find a verdict for the plaintiff if they found that the defendant had allowed its car to get out of repair so that it could not be stopped as soon as if in repair, or in any other way had failed to discharge its full duty in the conduct of its business, and the accident had resulted therefrom.

It is evident that only the fullest allegations of general negligence would warrant the giving of this instruction, and from the fact that it was given and from the other circumstances above referred to, it is clear that the case was tried upon the theory that such was the effect of the allegations of the plaintiff as to the negligence of the defendant. If the court was right in thus construing the complaint, most of the assignments of error would be successfully answered by the brief of the respondent.    If it was wrong in so doing there should, of course, be a new trial, as it is evident that the rights of the defendant were adjudicated in view of a complaint which had never been filed.

That part of the complaint which contains the allega-

tions relating to the negligence of the defendant is as fol-
lows:

"The plaintiff was traveling in his wagon in said city
along and over certain streets, avenues and highways
thereof, and among others over Bridge street; that while
thus traveling in an easterly direction on said Bridge
street, the defendant, by its servants and agents, carelessly
and negligently run one of its cars along said street at a
high rate of speed and negligently and carelessly omitted
while approaching plaintiff to give any signal by ringing
the bell, or otherwise, of the approach of said car, by
reason whereof the plaintiff was unaware that said car was
approaching. That in consequence thereof the said car
struck and overturned plaintiff's wagon."

We have carefully considered this language in the light
of the authorities cited by the respective parties, and are
unable to construe it as did the trial court. In our opin-
ion, it contains no allegation whatever of general negligence.
Such language amounted to nothing more than an attempt
to charge two particular acts of negligence — one that the
car was run along the street at a high rate of speed, and
the other that no signal of its approach was given. It is
impossible to so construe it as to cover more than these
two specifications of negligence. It certainly was not
negligence on the part of the defendant to run one of its
cars along the street, for the reason that in another part of
the complaint it was alleged that it had the right to run its
cars on this particular street. Hence, the terms "care-
lessly and negligently," as first used, could not refer to
the fact of the running of the car, and could only refer to
the high rate of speed mentioned therein; so that, if the
first clause is to be given its fullest effect, it is only alleged
that the high rate of speed was the careless and negligent
act of which complaint was made. It may well be doubted
as to whether or not this allegation was sufficiently definite
to be considered as even a proper allegation of negligence

at all, for the reason that, to run a car at a high rate of speed does not charge that it is negligently run. The simple fact that a car is so run is in itself no proof of negligence, and to say that it was so run negligently does not aid in construing the act of negligence charged. It may, therefore, well be doubted as to whether or not this clause should have any weight whatever; but it is clear to our minds that it can have no other force than that of charging negligence in the rate of speed at which the car was run. It is still more clear that the other clause does no more than to charge a single act of negligence, to wit, the failure to give the signal upon the approach of the car.

There is another reason which makes it doubtful as to the right of the court to have given any force whatever to the allegation of negligence in the speed of the car, and that is the language used by the pleader immediately following the allegations of negligence. In stating that the signal of the approach of the car was not given, it is further stated that "by reason whereof the plaintiff was unaware that said car was approaching. That in consequence thereof the said car struck and overturned plaintiff's wagon." The only reasonable interpretation of this language is that the cause of the accident was the failure to give the signal. It is stated that the fact that plaintiff was unaware of the approach of the car was the cause of the injury, and it is not easy to suppose that the fact that the car was run at a high rate of speed could have had anything to do with his ignorance of its approach.

In our opinion, the most reasonable and natural interpretation of these allegations of negligence, taken as a whole, is that thereby it was only charged that the injury was occasioned by the failure of the defendant or its agents to give the signal of the approach of the car. It is not, however, necessary for the purposes of this case that we should decide more than that there is nothing in the allega-

tions which could warrant the court in trying the case upon the theory that general negligence had been alleged. It follows that there must be a reversal of the judgment, and such being the case it is not necessary that we should enter at length into a discussion of the numerous errors alleged, for the reason that when the cause is again tried in the light of the construction of this complaint above suggested, such questions will become, to a great extent, immaterial.

There are one or two features of the case, however, as to which we deem it necessary to say something in view of a re-trial: *First*, As to the duty of a court in submitting requests for special findings to the jury. That the provision of our statute in relation to special verdicts is a wise one we have no doubt. The object thereof was to enable the parties, by aid of the court, to confine jurors to their sphere and require them to find facts, and having done so to apply the law as given them by the court. Under our system as to jury trials the court must refrain entirely from interfering with the jury in their determination of the necessary facts, and the jury are required to take the law as given by the court, regardless of their own views concerning it. It is only by a liberal application of this statute as to special verdicts that juries can be kept within their sphere. Without its aid there is nothing to prevent a jury, though they all agree upon facts which, under the law given them by the court, would require a verdict in favor of one party, returning a verdict for the other. They could with impunity set aside the law as given them, so that, notwithstanding the facts applied to said law demanded one decision, they, by construing the law for themselves, should return another. This statute is, therefore, a beneficial one, and if liberally and carefully applied by the courts will greatly aid in the proper determination of causes.

The action of the court in reference to the submission of the requests for special findings in this case, while substantially correct, was open to some objections. It is not every request of a party for such findings that should be submitted to the jury. The court should, at the time the jury are instructed, determine for itself whether or not the special requests are such as should be submitted, and if the requests as presented are not in such form that it is reasonable and necessary to require an answer to each of them, the court should so decide and give opportunity to the party presenting such requests to amend them until satisfactory to the court. The court having once determined that the requests are proper to be submitted should instruct the jury that it is their duty to answer each one of them. The form of the requests should be such as to make this duty as easy and simple as possible. They should generally be so drawn as to admit of an answer by yes or no, and where the information desired cannot be so elucidated the question should be so framed as to call for an answer as direct as the nature of the inquiry will admit. The court having decided that the requests for special findings were in proper form and submitted them to the jury, should require an answer thereto before receiving the general verdict. The questions propounded to the jury in the case at bar were not as clear and concise as they should have been, and the court should not have submitted them to the jury; but having decided that they were proper and submitted them, it was the duty of the jury to answer them as best they could, without any attempt at evasion, and the general verdict should not have been received until such action had been taken. Taking the answers of the jury together we are not satisfied that there was a *bona fide* attempt to answer each of them without evasion, and the general verdict should not have been received without requiring further action on their part in that regard.

We are not satisfied that the court committed error in refusing a judgment for the defendant, notwithstanding the general verdict, for the reason that the special findings were not of that positive and convincing character that would authorize it so to do.   The errors growing out of the action of the court and jury in relation to the special requests and findings would only authorize a new trial, which it has already been seen must be granted for other reasons.

In view of a re-trial it is only necessary to refer to a single instruction, as from our criticism of it, and what we have said as to the course of the former trial, the other errors, if any, in instructing the jury, will not be likely to be repeated.   In the instruction referred to it was substantially stated that a person might foolishly and carelessly and recklessly get upon the track of the railway and yet recover damages unless the company was without fault in running the car against him.   That such is not the law is so clear that we think it must have been an inadvertent use of language which caused the learned judge of the trial court to so instruct the jury.

The judgment must be reversed, and the cause remanded for a new trial.

ANDERS, SCOTT and STILES, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I dissent.   In the first place the instructions cannot be construed by the consideration alone of the brief, segregated portion or detached sentence quoted by the majority.   The whole instruction convinces me that the jury was in no way misled by the court.   I also think that violence is done to the plain language of the complaint when the allegation of general negligence is argued out of it by the court.   Of course it is not contended by the respondent that it was negligence for the appellant to run one of its cars along the street; but it

might run it along the street in a negligent and careless manner, without necessarily running at a high rate of speed. There are many other ways in which it could be carelessly and negligently run. In fact there might be circumstances under which running at a high rate of speed would not be negligence at all, but would be actually justified; so that it is clear to my mind that the expression "at a high rate of speed," in no way qualifies the expression that "it carelessly and negligently run one of its cars along said street."

Believing that no prejudicial error was committed in any respect, I think the judgment should be affirmed.