[No. 1838. Decided January 13, 1896.]

## THE CITY OF SEATTLE, *Respondent*, v. ISAAC PARKER et al., *Appellants*.

PLEADING — BILL OF ITEMS — BEST EVIDENCE — APPEAL — REVIEW OF EVIDENCE — REDUCTION OF JUDGMENT.

A plaintiff who furnishes a bill of items, on which his complaint is founded, though under no obligation to do so, is confined to the proof of the items set out therein, although a number of years may have elapsed between the filing of the complaint and the trial.

The best evidence of the contents of a city assessment roll is the roll itself; but in order to entitle it to admission in evidence it should be duly authenticated and show on its face that it is a proper roll of the city for a certain designated year.

The appellate court will not hesitate to substitute its own judgment for that of the lower court on questions of fact, where the case was tried by the lower court on testimony reported by a referee.

The appellate court is justified in reversing a judgment with instructions to the court below to enter judgment for a smaller sum, when it is satisfied from the evidence in the record that plaintiff is only entitled to such smaller sum, and that the parties could not offer any further or better proof upon the subject, if a new trial should be had.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge.   Reversed.

*Stratton, Lewis & Gilman,* and *White & Munday,* for appellants.

*W. T. Scott,* and *Frank A. Steele,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the city of Seattle against Isaac Parker (who was the treasurer of said city at the time of the alleged defalcation) and his bondsmen.   The case was referred to a referee who found against the defendants.   His findings were excepted to by the defendants; the exceptions were sustained, the report set aside, and the court made new findings against the defendants for the sum of $5,-535.96, and interest to date of judgment.

The complaint alleges that during the time defendant Parker was treasurer of the city of Seattle, he received for the use of the said city divers sums of money, in the language of the complaint, "from the persons and sources hereinafter specifically set forth and contained in the statements of accounts hereunto annexed and marked Exhibits A, C and D," which exhibits were made a part of the complaint; that he did not account to the proper authorities as required by law at all for all of said sums of money, but that he neglected and refused to account to the proper authorities for a large amount of said sums, to-wit, the sum of $8,682.75, which he has converted to his own use; and the bill of items sets forth the particular sums and their sources which were not accounted for by the treasurer.

We have carefully examined this case, or have made as careful an examination as was possible under the

circumstances, including an examination of all the testimony, and we feel certain that an injustice has been done the defendants by the findings of the court. It is urged by the appellants that the court erred in admitting the testimony in relation to the street assessments, and we think the reasonableness of this contention is plainly shown by the record. The city saw fit to sue upon certain items. Those items were set forth in certain exhibits which amount to a bill of items; and if the city could recover at all, it must recover upon the items alleged. It is urged by the respondent that the city was under no obligation to furnish a bill of items; that the matters alleged were things within the knowledge of the defendant treasurer; that the progress of the trial was slow, many years having elapsed between the filing of the complaint and the time that the cause was tried. But whether the city was under any obligation to furnish a bill of items or not, it saw fit to do so, and the proofs must correspond with its allegations. Notwithstanding the length of time that elapsed, the defendants had a right to rely upon the allegations of the complaint, and upon the bill of items set forth in the exhibits, and had a right to prepare their defense with reference to those items and those alone. On any other theory the bill of items would act as a trap or pitfall for the defendants.

The attempt by the city to prove the contents of the assessment rolls by the succeeding treasurer, Ames, was so plainly contrary to the law governing testimony of this kind, and to the universally accepted rule that the rolls themselves were the best evidence of what they contained, that it is not worth while to cite authorities on that proposition; or to discuss it; and when at a subsequent stage the rolls themselves

were introduced—or what was claimed to be the rolls—it is too plain for discussion that there was no authentication of them, and nothing whatever to show that they were the assessment rolls of the city of Seattle for that year.

To meet this objection it is urged by the respondent, and correctly urged, that notwithstanding the fact that the assessment rolls might not be certified or authenticated, yet if it was proven that the defendant Parker in fact used the alleged rolls, received money upon them and failed to account for it, he is liable therefor. The trouble with this contention is that it is not supported by the testimony. A careful reading of the testimony of Ames, the succeeding treasurer, by whom this proof was attempted to be made, shows that there was nothing definite in this respect proven. Much might be said on this proposition, but it clearly appears to us from all the testimony, that this testimony was incompetent, and that, if it had not been, it further appears from the circumstances of this case, viz., the conditions existing during a part of the administration of this treasurer, the want of facilities for conducting properly the business of his office, and the fact that a portion of the stubs of the assessment receipts and other portions of the records of the office were destroyed by fire, that the proof was entirely insufficient to sustain the findings of the court in relation to these accounts, which aggregated $4,313.46.

We have no hesitancy in substituting our judgment for that of the lower court on questions of fact in this particular case, for the case was tried by the lower court on the testimony reported by the referee, and this court has the same opportunity to reach a correct conclusion on the facts as did the court below.

We cannot, however, sustain the contention of the appellants as to the item of $7,500, found by the court not to have been accounted for by the treasurer, this item being cash received by the treasurer for the sale of a lot belonging to the city theretofore used as an engine house. This sum should have been credited to the fire fund. It was not so credited and it seems to us from the testimony of the defendant Parker, and also from that of his deputy, George Parker, that there is an absolute failure to account for this item. There appears no satisfactory showing of its entry anywhere, or of its having been credited to any fund. In fact, there seems to us to be no intelligent accounting for it at all.

Accepting, then, the findings as to the item of $7,-500 and the amount of the credits which were found to be due the defendant, and subtracting from the amount found due by the court, viz., $5,535.96, the aggregate sum of $4,313.46, there is left $1,222.50, which we think was the just amount of the judgment which should have been rendered against the defendants. Ordinarily we should reverse a case like this and order a new trial, but inasmuch as the record satisfies us that the city offered the best proof which it could have offered with relation to the items upon which the judgment was based, outside of the item of $7,500, and the further fact that it is evident from the testimony of the defendant Parker and his deputy that no other or better defense could be offered of the non-accounting for the item of $7,500 above referred to, we think the best interests of all parties will be subserved by reversing the case with instructions to enter judgment in favor of the respondent for the sum of $1,-222.50, with interest the same as in the former judgment; the respondent to recover its costs in the

court below, and the appellants to recover costs of the appeal.

SCOTT, ANDERS and GORDON, JJ., concur.

HOYT, C. J., not sitting.