[No. 3529.   Decided December 26, 1900.]

SAMUEL COLLETT, *Appellant,* v. NORTHERN PACIFIC RAIL-
WAY COMPANY, *Respondent.*

NEGLIGENCE—EXCAVATION IN HIGHWAY — PERSONAL   INJURIES —
PLEADING AND PROOF.

In an action to recover damages for injuries received as a
result of defendant's negligence in making an excavation across
a public highway, wherein the complaint alleges "there was no
railing or other protection to guard persons against the danger
of falling into said excavation; that the same was left open and
wholly unprotected; and plaintiff, relying upon the fact that said
crossing should be in a safe condition for travelers, and the
night being so dark that plaintiff was unable to discern the
unsafe condition the same was in, was, without fault on his part,
precipitated and thrown down into said excavation," the action
of the court in rejecting evidence that defendant maintained
no light at the excavation, based on the want of an allegation
to that effect in the complaint, is erroneous, since the negligent
act, the doing of which occasioned the injury, is alleged in the
complaint, and it is unnecessary to plead the evidentiary matter
setting out the facts constituting the negligence.

SAME.

Irrespective of the rule permitting proof of negligent acts
under a general allegation of negligence, a complaint which
alleges that plaintiff was precipitated into an excavation left
open and unprotected through defendant's negligence, and that
the night was so dark plaintiff was unable to discern its unsafe
condition, and a denial of such allegations in the answer, raise
an issue as to whether or not the defendant maintained lights
at the excavation.

APPEAL—PRESUMPTIONS IN AID OF JUDGMENT—ERROR.

The rule that every intendment will be brought to bear in
aid of the judgment is inapplicable in cases where a legal error
has been committed by the court in denying or invading the
rights of a litigant, and gives way to the rule that error, having
been committed, will be presumed prejudicial, unless it affirma-
tively appears from the record to the contrary.

SAME.

Error of the court in rejecting evidence in plaintiff's favor cannot be deemed harmless, in aid of a judgment in defendant's favor in an action of negligence in which the defense of contributory negligence was set up, when the rejected evidence related to a material circumstance upon which the jury might base its finding as to contributory negligence.

TRIAL—EXCLUSION OF EVIDENCE—WAIVER OF ERROR.

Where evidence offered by plaintiff was erroneously rejected by the court on the ground that it did not respond to the complaint, the abandonment by plaintiff of a subsequent motion to amend the complaint so as to allege the facts deemed necessary to make the evidence admissible, because the court would allow the amendment only on the condition of a continuance being granted to defendant, does not constitute a waiver of plaintiff's right to urge the error in the rejection of the evidence, when he withdrew his motion to amend on the express condition that no rights were lost to him under the exceptions which he had taken to the ruling against the offered evidence.

Appeal from Superior Court, Lewis County.—Hon. HENRY S. ELLIOTT, Judge. Reversed.

*M. A. Langhorne* and *Forney & Ponder* (*W. W. Langhorne*, of counsel), for appellant.

*Crowley & Grosscup* and *A. G. Avery*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This was an action brought by the plaintiff (appellant) for the recovery of damages for an injury alleged to have been sustained by falling into an excavation made by the defendant (respondent) along its line of railway at the intersection of a public highway. On the trial before a jury, plaintiff offered to prove that defendant did not maintain a light at the excavation. Upon objection by the respondent's attorney, the court refused to admit such evidence. Plaintiff then offered to amend by alleging absence of a light, but the court refused

to allow the amendment without granting a continuance to defendant upon a representation by its counsel that they were unprepared to meet the charge. Plaintiff then withdrew his motion to amend, and proceeded with the investigation of the case upon the complaint as it was, preserving his exceptions to the ruling of the court in not allowing the introduction of testimony.

Under the allegations of error, it is claimed that the court erred in excluding such evidence from the jury. In order to pass intelligently upon this question, it will be necessary to examine the complaint. After alleging the corporate capacity of the defendant, and that the place where the excavation was made was on a county road, it is alleged as follows:

"4. That heretofore, and at the time of the injuries herein complained of, the said defendant, Northern Pacific Railway Company, was engaged in lowering, and had lowered and cut down, the grade of said railway track in and near the village of Napavine, Lewis county, Washington, and more particularly at a point where said county road intersects and crosses said railway, as set forth in paragraph two of this complaint, to a depth of from three to four feet below the level of said county road, and said defendant took and removed from said crossing all the planks, gravel, and other substance that enabled persons traveling along said county road to cross said railway track; and had dug and removed the dirt from between the ties of said railway track to a depth of from twelve to eighteen inches, and by reason thereof the county road was left from three to four feet above the level of said railway track, and the said crossing was wholly torn up and carried away, leaving the same in a dangerous and exposed condition.

5. That on the 26th day of August, 1899, at or about the hour of eight o'clock p. m., this plaintiff was lawfully traveling along said county road on horseback, and was proceeding with all due care and caution, and had no knowledge that the crossing at said railway track was in

an exposed and dangerous condition; that there was no railing or other protection to guard persons against the danger of falling into said excavation; that the same was left open and wholly unprotected; and plaintiff, relying upon the fact that said crossing should be in a safe condition for travelers, and the night being so dark that plaintiff was unable to discern the unsafe condition that the same was in, was, without fault on his part, precipitated and thrown down into said excavation on and upon the ties and iron of said railway track, whereby he was greatly injured," etc.

The ground upon which the testimony was rejected was that there was no allegation of negligence by reason of not having a light at the excavation, and that the question of whether or not a light was maintained there was not in issue under the pleadings. It is insisted by the appellant that the allegations of the complaint were sufficient to put in issue any negligent act of the respondent in relation to the excavation, and that the proof should not be confined to the absence of a railing across the road. We are inclined to think that this contention must be sustained, and that the language of the complaint is broad enough to include all circumstances of negligence. It is true that plaintiff did not plead want of the light as a circumstance comprising negligence, but, under the well established rule, this was not necessary, because to compel him to do so would be, in the language of many of the cases, to compel him to plead his evidence.

"The rule is well-nigh universal that, in an action for negligence, the plaintiff need not set out in detail the specific acts constituting the negligence complained of, as this would be pleading the evidence." 14 Enc. Pl. &. Pr., p. 333, and cases cited.

"It is not necessary to set out the facts constituting the negligence complained of. An allegation specifying the act constituting the injury, and alleging that it was negli-

gently and carelessly done, is sufficient.   But the act the negligent doing of which caused the injury must be stated."   2 Thompson, Negligence, p. 1247.

It will be noticed that the negligent act, the doing of which caused the injury, is stated in this complaint, viz., the making of the excavation across the county road.   In *Oldfield v. New York & H. R. R. Co.,* 14 N. Y. 310, where the complaint contained but a general averment of negligence on the part of the defendant, evidence to show that there were no guards in front of the cars was held admissible in order to prove negligence, the court saying:

"The complaint averred that the death was caused by the negligence and default of the defendants and their agents and servants.   This authorized evidence of the defendants' negligence or misconduct tending to produce the injury, without a more particular statement in the pleading."

In *Hammond v. Schweitzer,* 112 Ind. 246 (13 N. E. 869), it was held that a complaint containing a general allegation of negligence on the part of the defendant in performing or failing to perform a duty cast upon him by the law, resulting in injury to the plaintiff, without fault on his part, is sufficient to withstand a demurrer; the court citing *Cleveland, etc., Ry. Co. v. Wynant,* 100 Ind. 160; *Pittsburgh, etc. Ry. Co. v. Adams,* 105 Ind. 151 (5 N. E. 187); *Town of Rushville v. Adams,* 107 Ind. 475 (8 N. E. 292, 57 Am. Rep. 124).   This is a case where the allegation was that the defendants had operated their elevator in a negligent manner, and the court said:

"If the defendant desired the complaint to specify more particularly wherein the plaintiff claimed the defendant was negligent, a motion to make the complaint more specific would have presented the question."

In *Clark v. Chicago, M. & St. P. Ry. Co.,* 28 Minn. 69 (9 N. W. 75), it was held that, in an action for damages,

where the complaint alleged that the defendant, by the culpable carelessness, negligence, unskillfulness, and mismanagement of said defendant and their employees, wrongfully ran a locomotive with a train of cars thereto attached against plaintiff's horses and wagon, while lawfully traveling along the public highway, on demurrer the complaint was sufficient, although it did not state the specific physical acts constituting the alleged negligence and carelessness. To the same effect is *Lucas v. Wattles,* 49 Mich. 380 (13 N. W. 782), where it was held that, in suing for damages from negligence, plaintiff must count on the negligence relied on; but, when this was properly averred, he need not set out the facts which go to establish it. And the rule was announced that, when defendant was notified with what negligence he was charged, he was thereby informed that the circumstances which tended to show whether he was wanting in due care would be in issue. See, also, *Ekman v. Minneapolis St. Ry. Co.,* 34 Minn. 24 (24 N. W. 291); *Clark v. Chicago, B. & Q. Ry. Co.,* 15 Fed. 588; *Louisville & N. R. R. Co. v. Wolfe,* 80 Ky. 82; *Railroad Co. v. Chester,* 57 Ind. 297; *Grinde v. Railroad Co.,* 42 Iowa, 376.

. In the last mentioned case the plaintiff alleged that he · was the owner of a certain cow which casually · strayed upon the track of defendant's road; that said defendant, by its agents and servants, did run and manage one of its engines in such a careless manner that the same ran over said cow and killed her; and the court refused a motion to make the complaint more specific and certain.

In fact, we think this is the almost universal rule. It is claimed, however, by the respondent, that, even if this rule be conceded, there is another rule in practice which will defeat the appellant's right to a reversal of this case, viz., that when a pleader does state in detail the specific

acts complained of, he is strictly bound to them, and cannot show others; citing *Redford v. Spokane Street Ry. Co.*, 9 Wash. 55 (36 Pac. 1085), and *Seattle v. Parker*, 13 Wash. 450 (43 Pac. 369). But it does not seem to us that these cases are in point here. The case of *Redford v. Spokane Street Ry. Co.* was where there was no general allegation of negligence, and it was held by the court that, in such a case, the plaintiff must be confined to the allegations in his complaint. The writer of this opinion did not concur in the opinion of the court in that case, but as it was rendered we do not think it is applicable to the case at bar, because it is obvious, from an inspection of the complaint in this case, that general negligence is charged. The case of *Seattle v. Parker, supra,* was a suit against the city treasurer for failure to account for moneys due the city, and what we held in that case was that when the plaintiff had furnished a bill of items, on which his complaint was founded, he was confined to the proof of the items set out therein. We hardly see that the case has any bearing on the case at bar.

It is also insisted by the respondent that the general rule contended for by the appellant is modified by the Code (Ballinger, § 4906), which provides for a statement of facts, but this requirement does not contemplate that the evidentiary matter must be alleged. The complaint in this instance was a concise statement of facts, which would advise the respondent of the character of the defense necessary. If the complaint was so indefinite and uncertain that the respondent could not go to trial with safety, the statute provides a remedy, viz., a motion to make the complaint more definite and certain.

But it is finally insisted by the respondent that, in any event, this judgment should not be reversed, for the reason that it is the duty of the court to presume all possible

facts necessary to sustain the judgment of the lower court, and many cases are cited from this court to sustain this contention; the first being *Rathbun v. Thurston County*, 2 Wash. 564 (27 Pac. 448). But these cases do not seem to us to have any application to the question involved here. In the *Rathbun Case* it was held that, where the evidence in a case was not made a part of the record on appeal, it will be presumed that the findings of fact by the court below were warranted by the evidence, and all the other cases cited by the respondent are based upon the same principle. It must follow, to sustain the rule first contended for by the respondent, viz., that every intendment will be brought to bear in aid of the judgment, that, where the question at issue is whether or not a certain fact was proven on the trial of the case, in the absence of the record, the court will presume that the judge who tried the cause acted upon sufficient evidence. But such cases as that are very different from the case at bar, where it appears that a legal error has been committed by the court. The litigant has a right to have his case tried in a legal manner, and his legal rights protected by the court, and, when a legal right is invaded or denied by the court, the rule which has often been announced by this court, and which we think is universal, is to the effect that, error having been committed, it will be presumed to be prejudicial error, unless it affirmatively appears from the record that it was not prejudicial. But it is said by the respondent that, there having been an allegation of contributory negligence in the answer, the court should conclude in aid of the judgment that the jury may have found that the plaintiff was guilty of contributory negligence; and that, if that were true, then the testimony in regard to the maintaining of the light at the excavation would be immaterial; and that, in the absence of testimony, it cannot be

determined that the question of contributory negligence was not the question upon which the verdict was rendered. But, in addition to this contention not being in harmony with the rule which we have just above announced, in this case the question of whether or not there was a light at the excavation when the plaintiff met with the accident would enter into the question of whether or not the plaintiff was guilty of contributory negligence, and would be one of the circumstances upon which the jury might base its conclusion in that regard; for it may well be understood that, if a light was maintained at the excavation which would sufficiently notify a person of common prudence, observation and understanding of the danger, and he still proceeded, he would be guilty of contributory negligence; but that if, on the other hand, there was no light there, his action in advancing might not contain any of the elements of negligence.

In addition to this, the complaint in this cause raises the question of lights. In paragraph 5 the plaintiff, after alleging that he had no knowledge that the crossing of said railroad track was in an exposed and dangerous condition, and that there was no railing or other protection to guard persons against the danger of falling into said excavation, and that the same was left open and wholly unprotected, alleges that, relying upon the fact that said crossing should be in a safe condition for travelers, and the night being so dark that he was unable to discern the unsafe condition that the same was in, he was, without fault on his part, precipitated, etc. Certainly, the defendant was notified by this paragraph of the complaint that it was on account of the darkness at that excavation that this accident happened. "Darkness" is sometimes defined as an absence of light, and, under this allegation, it would have been competent for the defense, under a plea of general denial, to

have introduced testimony showing that a light was maintained at this excavation; or, under the allegations of the complaint, the answer could have set up the fact that a light was maintained there. But, in any event, the question of light or darkness at the excavation was placed in issue by the complaint and the general denial, and the defendant was notified of the defense that it would be required to make in that respect.

It is insisted that the plaintiff waived his right to question the judgment when he withdrew his motion to amend upon the announcement by the court that the motion to amend would be permitted only on the condition that a continuation was granted to defendant. The statement of facts, as certified, shows that the motion to amend was waived on the express condition that no rights were lost to the plaintiff under the exceptions which he had taken to the ruling of the court in excluding the testimony offered. If he had a right to introduce this testimony—which we think he had—he had a right to introduce it uncoupled with conditions. He may not have been in a position to have submitted to a continuance, and we do not think that the question of continuance can be entered into in the discussion of the error alleged.

The conclusion we have reached in this respect renders unnecessary a discussion of the other error assigned, as it will not probably occur upon a retrial, but for the reasons alleged the judgment will be reversed.

REAVIS, FULLERTON and ANDERS, JJ., concur.