[No. 5606. Decided September 7, 1905.]

JOHN ALBIN *et al., Respondents,* v. THE SEATTLE ELECTRIC COMPANY, *Appellant.*[1]

PLEADINGS — VARIANCE — INJURY TO PASSENGER ALIGHTING FROM STREET CAR—ALLEGATION THAT CAR WAS STOPPED AND NEGLIGENTLY STARTED—PROOF OF DEFECT IN BRAKES PREVENTING STOPPING OF CAR— ADMISSIBILITY. There is a fatal variance between allegations of a complaint that the plaintiff, a passenger, was injured by the negligent starting of a street car without warning, after it had stopped for the purpose of permitting her to alight, and proof that the brakes and sand box were defective, whereby the motorman was unable to bring the car to a stop, and that plaintiff was thrown from the car before it stopped by reason of sudden jerks due to such defects; and such proof is not admissible under a general allegation to the effect that the injury was caused by the negligence of the defendant, the same being in the nature of a conclusion from the specific allegations.

Appeal from a judgment of the superior court for King county, Hatch, J., entered November 23, 1904, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger alighting from a street car. Reversed.

*Hughes, McMicken, Dovell & Ramsey,* for appellant.
*John B. Hart* and *H. E. Snook,* for respondents.

1Reported in 82 Pac. 145.

Crow, J.—This action was instituted by respondents, John Albin and Anna Albin, husband and wife, against the Seattle Electric Company, to recover for personal injuries sustained by said Anna Albin. Appellant was operating a line of street cars between Ballard and the city of Seattle, and over Western avenue, in the latter city. Said Anna Albin boarded one of appellant's cars, at a point known as Smith's Cove, intending to alight at the intersection of Western avenue and Pike street. The specific acts of negligence charged in the complaint are alleged in the following language:

"That on said 9th day of January, 1902, the said plaintiff Anna Albin became a passenger on one of said defendant's cars running over the streets and ways as aforesaid, taking passengers thereon at or near said place known as Smith's Cove. That she was going to a point where said Western avenue intersects Pike street, in the city of Seattle, Washington; that there was a large number of other passengers on said car; that it was dark, being about 8:00 o'clock p. m.; that plaintiff Anna Albin informed the defendant, by its conductor, servant and employee as aforesaid, that she was going to said place, Western avenue and Pike street as aforesaid, and wanted to get off of said car at said place; that on the car reaching the vicinity of said Western avenue and Pike street, as aforesaid, the conductor, being in charge of said car, announced said intersection of Pike street and was told again that said plaintiff Anna Albin was desirous of leaving said car at said place; that in the vicinity of Pike street aforesaid and a little south thereof, the car was stopped and brought to a standing still position; that said plaintiff, having arisen from her seat, went to the rear end of said car for the purpose of alighting therefrom; that said car was one of the larger class of cars used by defendant in the city of Seattle; that on each end of said car and on the sides thereof, there were openings through which passengers passed in entering and leaving said cars; that just as the said plaintiff Anna Albin was at the rear end of said car and making ready and intending to depart therefrom, the said defendant and its servants and agents and employees, negligently and carelessly and without any warning or notice whatsoever, started

ordered and caused said car to start and move forward rapidly and violently and with a jerk; that the place where said car was stopped was a little south of Pike street on an incline of the trackage and said track was wet and slippery; that on starting said car, a large amount of force and electricity was turned on, which, together with the incline of said track and its slippery condition, caused said car to lurch and jerk violently and rapidly forward; that the said plaintiff Anna Albin, being just about to alight from said car and to step from the rear end thereof onto the steps thereof, and thence to the ground, when said car started forward as aforesaid with the violent lurch and jerk as aforesaid, was by said movement of said car thrown against the rear end of said car, and onto the floor of said car and from said car onto the steps and thence onto the ground beneath, with great force and violence; that on striking said car, its steps and the ground, the said plaintiff Anna Albin was jerked forward and thrown to said ground with great force and violence through the carelessness and negligence of the defendant, its servants, agents and employees."

The complaint then proceeds to describe the injuries sustained by said Anna Albin, and contains, in the same paragraph, the following allegation:

"That the injuries herein complained of were caused through the carelessness and negligence of the defendant its servants, agents and employees, and not through any act on the part of the plaintiff, whatscever."

All these allegation of negligence were denied by the answer, which by way of affirmative defense also pleaded contributory negligence. This affirmative defense was denied by the reply.

Upon the trial, no evidence was produced showing that said car came to a stop prior to respondent leaving it, or being thrown from it. Evidence was introduced tending to show that the tracks, which were on a heavy descending grade, were very slippery; that the motorman was unable to bring the car to a stop at Pike street; that it continued to move until it reached the next crossing at Union street;

that, while it was still moving, respondent Anna Albin arose from her seat, and walked to the rear platform for the purpose of alighting; and that while she was on said platform, the car, which was still moving, by making a sudden and violent jerk or lurch, threw her to the street. Other evidence was admitted, over appellant's objection, tending to show that said car was in a defective condition, in that the front and back brakes were not properly adjusted by being evenly balanced, and in that one of the sand boxes was out of repair. The case was not tried on the theory that the car actually stopped, or came to a standing position as alleged in the complaint, or that respondent, while trying to alight from such stationary car, was violently thrown to the street by its sudden starting; but was tried on the theory that she was thrown from a moving car by its sudden jerks or lurches.

The evidence as to the condition of the brakes and sand box was admitted in support of this latter theory, respondents' claim, as we understand it, being that these defective conditions either caused the jerks or lurches, or contributed to their violence. We think the evidence of all the experts who testified, whether for appellant or respondents, had a tendency to show that the defective condition of the brakes and sand box, claimed to have existed, would not have any tendency to cause any jerks or lurches, or to make them more sudden or violent, but would make it more difficult for the motorman to stop the car on a slippery track and descending grade, and would at the same time lessen the liability to lurches or jerks. For the purposes of this argument, we will, however, assume as correct the contention of respondents to the effect that such defective conditions tended to increase the violence and suddenness of any such lurches or jerks. The jury returned a verdict for respondents, and judgment being entered thereon. this appeal has been taken.

Appellant contends that the trial court erred in admitting

evidence relating to the condition of the brakes and the sand appliances. Appellant contends that this was an entire departure from the issues tendered by the complaint; that the first suggestion of any defective appliances was made at the trial, which took place more than two and one-half years after the accident occurred; that appellant was in no way advised by the pleadings that it would be required to meet such evidence; and that its admission raised an issue not tendered by the pleadings. Respondents contend that, in addition to the specific allegations of facts showing negligence, the complaint also charges negligence in a general manner, and that in so doing it is as broad as it is possible for a complaint to be made. Respondents base this claim upon the clause of said complaint immediately following the description of the injuries of said Anna Albin, above quoted as follows: "That the injuries herein complained of, were caused through the carelessness and negligence of the defendant, its servants, agents and employees, and not through any act on the part of plaintiff, whatsoever." Respondents, commenting on all the averments of the complaint, including this general allegation, say:

"It is hard to conceive of a broader or more general allegation of general negligence than is contained in this complaint. Under the repeated holding of this court, any evidence which would go to establish negligence of an approximate nature, producing the injuries sustained, would be competent."

Later on in their brief, respondents, in support of their contention that the evidence complained of was competent, cite a number of cases from this court, apparently placing special reliance on *Collett v. Northern Pac. R. Co.*, 23 Wash. 600, 63 Pac. 225, and *Uren v. Golden Tunnel Min. Co.*, 24 Wash. 261, 64 Pac. 174. A careful comparison of the allegations of negligence in the cases cited with the allegations of the complaint in this action, will show said cases not to be controlling here. Our construction of the complaint

in this action is that it contains specific allegations only, and that it does not contain any general allegations of negligence. The words above quoted are merely a statement of the legal conclusion drawn by the pleader from the preceding specific allegations, and are also intended to negative any anticipated claim of contributory negligence. The specific claim made by the complaint is that the car came to a full stop—was standing still; that, while it was stationary, respondent was attempting to alight, and that appellant, by suddenly starting the car, threw her to the ground. If the car was already stopped, a defective condition of the brake or a sand box, both to be used in stopping, could have nothing to do with the accident. In *Coleman v. Metropolitan St. R. Co.*, 82 App. Div. 435, 81 N. Y. Supp. 836, the syllabus, which states the substance of the opinion, reads as follows:

"Where the complaint, in an action to recover damages for personal injuries sustained by the plaintiff while alighting from one of the defendant's street cars, in consequence of the negligence of the defendant in suddenly starting the car, alleged that the car had come to 'a complete stop' and, upon the trial, the defendant introduces evidence tending to show that the car had not come to a complete stop, the defendant is entitled to have the court charge the jury 'that, if they find that this plaintiff stepped off the platform of this car while it was in motion at all, they must find a verdict for the defendant,' not because it is negligence, as a matter of law, for a person to step from a moving car under any and all circumstances, but because, if the car was moving when the plaintiff stepped from it, she had not established the negligence alleged in her complaint."

Were we to concede that the complaint contains a general allegation of negligence, still, such general allegation is explained and limited by specific allegations to such an extent that appellant could not have successfully attacked the complaint by motion to make more definite and certain. Where the only allegations in a pleading are general in their char-

acter, are not aided by averments of specific facts, but yet are sufficient as against a general demurrer, and the opposing party has not availed himself of his right to have said general allegations made more definite and certain on motion, we think a wide latitude should be allowed by trial courts in admitting evidence. The object of all pleadings is to advise the court and the opposite party of the grounds upon which the pleader bases his right of action or defense. If an allegation of negligence is general, the opposite party may properly move the court to require the pleader to make the same definite and certain, so that he may know, with reasonable accuracy, what he is called upon to meet. If the facts constituting negligence are specifically alleged, the pleader, in presenting his evidence, should be limited to proof of such facts, otherwise there would be a variance to the prejudice of the opposite party.

This complaint contains most specific allegations of all the facts upon which respondents base their claim that appellant has been guilty of negligence, and, as we construe the pleading, it fails to make any general allegation of negligence. Mr. Austin Abbott, in the second edition of his work on Trial Brief, at page 1500, in section 330, under the title of Negligence, says: "A general allegation of negligence lets in evidence of the circumstances constituting it." This is undoubtedly the correct rule, and has been recognized by this court, but at page 1505, in section 333, Mr. Abbott also says:

"But where the general allegation is followed by a specification of the acts of negligence complained of, or the negligence is specifically set forth without general allegation, the evidence will be confined to the issues so limited, and proof of other facts will constitute a variance."

In *Toledo etc. R. Co. v. Foss,* 88 Ill. 551, the court says:

"The allegation and proof must correspond. The plaintiff could not aver negligence in one particular, and, on the trial, prove that defendant was negligent in another

regard.   One object of a declaration is, to state the facts relied upon for a recovery so plainly that the defendant may be prepared to meet them.   This object in pleading would be entirely defeated if a plaintiff had the right to aver in his declaration one ground of action, and on the trial, prove another and different one."

In *Carter v. Kansas City etc. R. Co.*, 65 Iowa 287, 21 N. W. 607, the court says:

"Having averred negligence, and in what the negligence consisted, we think that the plaintiff should not have been allowed to show other negligence.   The defendant, it seems to us, was justified in assuming that the issue was not broader than that which the plaintiff, by his express averments, had seen fit to tender.   If we should hold that the plaintiff might aver one kind of negligence and prove another, we should not only hold, in effect, that the averment had no significance, but that it was allowable for the plaintiff to so frame his petition that it should be well calculated to deceive and mislead the defendant."

See, also, *Redford v. Spokane St. R. Co.*, 9 Wash. 55, 36 Pac. 1085; *Toledo etc. R. Co. v. Beggs*, 85 Ill. 80, 28 Am. Rep. 613; *Waldhier v. The Hannibal etc. R. Co.*, 71 Mo. 514; *Santa Fe etc. R. Co. v. Hurley*, 4 Ariz. 258, 36 Pac. 216.

We think the trial court erred in admitting evidence as to the condition of the brakes and sand box.   The judgment is reversed, and the cause remanded for a new trial.

Mount, C. J., Rudkin, Root, and Hadley, JJ., concur.