[No. 6753. Decided September 6, 1907.]

NELLIE M. GRANT et al., *Plaintiffs and Appellants*, v.
SPOKANE TRACTION COMPANY, *Defendant
and Appellant.*[1]

TRIAL—VERDICT—SPECIAL FINDINGS—CONSISTENCY WITH GENERAL
VERDICT — CARRIERS — NEGLIGENCE IN SETTING DOWN PASSENGERS.
Where the complaint alleged the negligent starting of a street car
while plaintiff was in the act of alighting, and that "at or about
the time" plaintiff had one foot upon the steps of the car and one
foot upon the pavement, a special finding by the jury that plaintiff
had both feet on the steps, does not negative a general verdict for
plaintiff, since it does not negative negligence of the defendant in
starting the car while plaintiff was in·the act of alighting; and
since a construction of the special verdict should be adopted to sus-
tain the verdict if it is susceptible thereof.

WITNESSES—CROSS-EXAMINATION. In a personal injury case, upon
cross-examination of plaintiff's husband, who was commonly called
"doctor" and who had given to the conductor his address with a
handbill advertising his treatment, it is proper to allow questions
as to whether witness was a regular physician, and whether he had
given treatment to his wife.

Cross-appeals from a judgment of the superior court for·
Spokane county, Gilliam, J., entered December 1, 1906, upon
the verdict of a jury rendered in favor of the plaintiff, after
a trial on the merits. Affirmed.

*Danson & Williams,* for plaintiffs.

*Graves, Kizer & Graves,* for defendant, to the point that
plaintiffs could not allege one state of facts and recover from
another, cited: *Caven v. Troy,* 15 App. Div. 163, 44 N. Y. S.
244; *Wainwright v. Interurban St. R. Co.,* 48 Misc. 645, 96
N. Y. Supp. 114; *Birmingham Elec. R. Co. v. Clay,* 108 Ala.
233, 19 South. 309; *Shepard v. New Haven etc. R. Co.,* 45
Conn. 54; *Chicago etc. R. Co. v. Driscoll,* 176 Ill. 330, 52 N.
E. 921; *Augusta R. & Elec. Co. v. Weekly,* 124 Ga. 384, 52

[1]Reported in 91 Pac. 553.

S. E. 444; *Politowitz v. Citizens' Telephone Co.*, 115 Mo. App. 57, 90 S. W. 1031; *Louisville & N. R. Co. v. Wade*, 46 Fla. 197, 35 South. 863; *Atchison etc. R. Co. v. Owens*, 6 Kan. App. 515, 50 Pac. 962; *East Tennessee Coal Co. v. Daniel*, 100 Tenn. 65, 42 S. W. 1062; *Snyder v. Wheeling Electrical Co.*, 43 W. Va. 661, 28 S. E. 733, 64 Am. St. 922, 39 L. R. A. 499; *Hamilton v. Metropolitan St. R. Co.*, 114 Mo. App. 504, 89 S. W. 893; *Bond v. Chicago etc. R. Co.*, 110 Mo. App. 131, 84 S. W. 124; *Patterson v. Westchester Elec. R. Co.*, 26 App. Div. 336, 49 N. Y. Supp. 796; *Kuhlman v. Metropolitan St. R. Co.*, 30 Misc. Rep. 417, 62 N. Y. Supp. 466; *Coleman v. Metropolitan St. R. Co.*, 81 N. Y. Supp. 836; *McAllister v. People's R. Co.*, 4 Pen. (Del.) 272, 54 Atl. 743; *Higgins v. Wilmington*, 3 Pen. (Del.) 356, 51 Atl. 1; *Murphy v. North Jersey St. R. Co.*, 71 N. J. L. 5, 58 Alt. 1018; *Ebsary v. Chicago City R. Co.*, 164 Ill. 518, 45 N. E. 1017; *Arcade File Works v. Juteau*, 15 Ind. App. 460, 40 N. E. 818, 44 N. E. 326.

MOUNT, J.—Action for personal injuries. The plaintiff Nellie M. Grant was injured while alighting from a street car operated by defendant. The cause was tried to a jury. A general verdict for $1,700 was returned in plaintiffs' favor. Special interrogatories were submitted to the jury at defendant's request, and were answered by the jury as follows:

"(1)  Was the plaintiff Nellie M. Grant standing with both feet on the steps of the car when it started?  Ans.  Yes. (2)  If so, did she attempt to get off or did her husband, B. M. Grant, pull her off after the car had started and while it was in motion?  Ans.  She attempted to get off and was assisted by her husband.  (3.)  Was the plaintiff Nellie M. Grant standing with one foot on the step and one on the pavement and in the act of getting off when the car started? Ans.  No."

Thereafter the defendant moved the court for a judgment notwithstanding the general verdict, and the plaintiffs moved

for a new trial. Both motions were denied and a judgment was entered upon the general verdict. Both parties to tnis action have appealed.

The defendant contends that the special findings are inconsistent with the general verdict, and therefore control it, and plaintiffs contend that the court erred in permitting certain cross-examination of the plaintiff B. M. Grant, while he was a witness in behalf of plaintiffs. The complaint alleged that "the defendant's said car was stopped by said defendant for the purpose of permitting plaintiff Nellie M. Grant and other passengers to alight from said car, and thereupon plaintiff Nellie M. Grant proceeded by invitation of said defendant to alight from said car while it was motionless, and while so in the act of alighting from said car, and at or about the time said plaintiff placed one foot upon the street while the other foot was upon the step of said car, said defendant carelessly and negligently started said car and dragged said plaintiff Nellie M. Grant for a short distance, finally throwing her violently to the ground," thereby injuring her. Plaintiffs' evidence substantially conformed to these allegations; but the jury found by the special findings above quoted that, at the time the car started, the plaintiff Mrs. Grant was standing with both feet on the steps of the car, and one foot was not on the steps and the other on the pavement.

Defendant contends upon these special findings that the jury found against the case alleged in the complaint, but permitted recovery upon another state of facts. A number of cases are cited to the effect that a plaintiff cannot allege one state of facts and recover upon another, and this contention, thus broadly stated, is no doubt the rule (*Albion v. Seattle Electric Co.*, 40 Wash. 51, 82 Pac. 145); but the negligence alleged here is that the car was motionless, and that the defendant carelessly started the car *while plaintiff was in the act of alighting* therefrom, "and *at or about the time* said plaintiff had placed one foot upon the street while the other foot was upon the steps of said car." This last clause served

to fix the time and position of the plaintiff when the car was started. It did not fix either exactly, but only at or about a certain time. The gist of the negligence was in starting the car while *plaintiff was in the act of alighting*. If plaintiff was in the act of alighting when the car started, and was injured thereby, without fault on her part, she was entitled to recover. We understand that defendant concedes this to be the rule. It might be extremely difficult for any one to know to a certainty, whether both feet were on the steps, or whether one was without support, in space, between the step and the pavement, or whether one was on the steps and the other on the pavement, upon an occasion like the one in question, where the car was started while the passenger was in the act of alighting.

The details which fix the exact moment or position of a person under such circumstances as existed in this case are usually arrived at by a process of reasoning rather than by memory; so that a person may easily be mistaken as to the exact position at a fixed time. No doubt in this case the starting of the car, the plaintiff standing with both feet upon the steps, and with one foot on the step of the car while the other was in space, and one foot upon the step while the other was upon the pavement, all occurred simultaneously, or so nearly simultaneously that the difference in time was imperceptible. As suggested above, the statement of one of these positions by the pleader was for the purpose of fixing the time at which the car was started. If the car was started at either one of the times, the negligence was the same, because all of the acts necessarily took place almost simultaneously while the plaintiff was in the act of alighting. The careless starting of the car while plaintiff was in the act of alighting was the negligence both alleged and proved. We are of the opinion that the finding of the jury that the plaintiff was standing with both feet on the steps of the car when it started did not negative the general verdict to the effect that the car was started while plaintiff was in the act of alighting from the car, and therefore

does not change the cause of action.  There was no finding that the plaintiff was not in the act of alighting from the car when it was started.  The most that can be claimed for the special findings is that they are susceptible of that construction.

"Where a special verdict is susceptible of two constructions, one of which will support the general verdict and the other will not, that construction will be given the special verdict which will support the general verdict." *McCorkle v. Mallory*, 30 Wash. 632, 71 Pac. 186.

We think the court did not err in refusing to render judgment for defendant notwithstanding the general verdict.

When the plaintiff B. M. Grant was a witness, it developed upon his direct examination that he was commonly called "doctor."  He also testified that, when his wife was injured, the conductor of the car asked him his name and, in reply thereto the witness handed the conductor a small handbill containing his name, picture, location of his office, and an advertisement of his methods of treatment.  On cross-examination counsel for defendant was permitted to ask the witness if he was a licensed practitioner, and if he had prescribed for his wife; and counsel for defendant was also permitted to introduce the handbill above mentioned in evidence, and question the witness concerning the same.  We see no impropriety in this cross-examination.  The jury was entitled to know who the witness was and the character of his business.  Plaintiff contends that the object of the examination was to prejudice the witness before the jury; but we find nothing either in the examination or in the substance of the evidence in the record to justify a reversal upon this ground alone.  There was certainly no abuse of discretion on the part of the trial court in respect to the cross-examination of this witness.

The judgment is therefore affirmed, without costs to either party.

Hadley, C. J., Crow, Fullerton, Rudkin, and Dunbar, JJ., concur.