JOHN J. DANBECK v. THE NEW JERSEY TRACTION COMPANY.

1. It is the duty of street railway companies to prevent children from entering into their cars except under proper safeguards.
2. A boy of ten years old entered a car upon the invitation of its conductor, and was thrown from the front platform by the carelessness of the driver. *Held,* that the company was liable.

On motion for a new trial.

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the motion, *A. Q. Keasbey & Sons.*

*Contra, Samuel Kalisch.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The facts of this case to which the law is to be applied are few, and so far as those are concerned that can operate as efficients in the present inquiry, are undisputed.

John J. Danbeck, the plaintiff in the action, being a boy who had not attained his tenth year, entered into one of the street cars of the defendant on the invitation of the conductor. This official called the plaintiff in, his purpose being to get him to buy for him a paper of cigarettes. The boy got upon the front platform and stood there, and this is his account of the affair : " The conductor called me to the car and asked me to go and buy him a package of cigarettes, and I said ' yes ;' I jumped upon the car ; he had his hands in his pockets, to give me the money,   *   *   *   and the car gave a lurch and the conductor jounced against the door and then against me and knocked me off." He further says that while he was on the front platform " the car gave a lurch and the driver struck the horses, to pull them on the track, and they started at a terrible rate, and that threw them on the cobble-stones ; that threw the conductor over to the door, against " him, the plaintiff, and in consequence of that, he, the plaintiff, was thrown from the car and the injury complained of resulted.

In view of the case thus made, the jury was instructed by the judge conducting the trial to this effect—that the conductor had been placed by the defendant in charge of the car, having the power and control over it, and it was his duty to regulate its movements, and that if the plaintiff had entered the car on the invitation of the conductor, he was there then of right ; he was not a trespasser, nor was he a mere licensee ; and the jury were then instructed that if they found that to be the situation, thereby a duty was imposed on the defendant, which was this : " To exercise all reasonable care to prevent injury coming to the plaintiff in consequence of the position of danger he had been invited to assume ; and secondly, to abstain from doing any act which might increase the danger necessarily incident to the position he was induced to assume."

The verdict of the jury was for the plaintiff.

The argument of the counsel of the traction company against this result was mainly based on the theory that the " act of the conductor in inviting the boy to get on the car

was not in any sense the act of the company, and that the latter, consequently, did not thereby assume any duty with respect to him." It was insisted that the duty of the conductor was well understood; it was to let passengers in and out of the cars and to collect their fares, and he has no authority to ask persons to come upon the cars except as passengers.

But it is not necessary, at the present time, to consider these assumptions, for the case before the court must be decided on an entirely different ground. The question is not as to the duty of the defendant towards persons of mature years, but what is that duty with respect to children? It might be quite reasonable to declare, as a rule of law, that a grown person has no right to enter a car except as a passenger, and if he does so as the friend of the conductor, that such a situation creates no relationship between such person and the car company, and that the latter is under no obligation to see to his safety, while it might be unreasonable in the extreme to apply the same rule to a child under similar circumstances. Very few of the rules that regulate the conduct of a man with his fellow could be applied with the least show of reason to his intercourse with children. It is the legal duty of every one dealing with a child to protect it against its own indiscretion. Many cases have been decided upon this principle. The truth of this remark is exemplified by the well-known case of *Lynch* v. *Nurdin*, 1 *Q. B.* 422. Lord Denman, in his opinion, states the facts. It was an action of tort for negligence by the defendant's servant in leaving his horse and cart half an hour in the open street, at the door of a house in which the servant remained during that period. It was shown that while the servant was indoors the plaintiff and several other children came along and began to play with the horse, and climb into the cart and out of it; and while the plaintiff was getting down from it another boy made the horse move, in consequence of which the plaintiff fell and was injured. The suit was maintained, although it was obvious that the plaintiff

had contributed by his own conduct to the production of his own injury, and consequently, if he had been of age, his action on this account would have 'miscarried. The Chief Justice thus defines the *ratio decidendi:* "But the question remains, can the plaintiff then, consistently with the authorities, maintain his action, having been at least equally in fault? The answer is that fact ascertained by the jury, but to this extent, that he merely indulged the natural instinct of a child in amusing himself with the empty cart and deserted horse, then we think that the defendant cannot be permitted to avail himself of that fact. The most blamable carelessness of his servant having tempted the child, he ought not to reproach the child with yielding to that temptation. He has been the real and only cause of the mischief. He has been deficient in ordinary care. The child, acting without prudence or thought, has, however, shown those qualities in as great a degree as he could be expected to possess them."

The application to the facts now present to this court of the principle thus propounded and realized, is manifest. The defendant has introduced, and is in the habit of using, in the public streets of a city, a machine of a highly-dangerous character, and as children have the right to frequent such streets, it is the duty of the company to provide in all reasonable ways for their safety, so far as the same is imperiled by the business it thus transacts. It cannot be reasonably contended that if the master be liable for the carelessness of his servant for leaving a dangerous machine in a street, where it is likely to be meddled with by children, he will not be liable if his servant permits children to meddle with such machine. In such transactions, the knowledge of the servant of the situation aggravates his negligence. It is the plain duty of these street railroad companies to prevent children, except under proper safeguards, from entering their cars, and if this duty be neglected they become responsible for the consequences.

We think, therefore, that at the trial in this case the judge applied to it the legal rule when he told the jury that if the

plaintiff was in the car by the invitation of the conductor, that thereby it became the duty of the company and its agents " to exercise all reasonable care to prevent injury coming to the plaintiff in consequence of the position of danger he was invited to assume."

This doctrine is in harmony with the decisions. In the case of *Muelhausen* v. *St. Louis Railway Co.*, 91 *Mo.* 332, it was held that a child who was permitted to ride without the payment of fare had the rights of a passenger to the extent, at least, that he was entitled to the diligence due to a person of his age and discretion. A precisely similar rule was enforced in *Buck* v. *People's Street Railway Co.*, 18 *S. W. Rep.* 1090, the facts being that a small boy was riding in the car at the invitation of the driver, and there was a recovery on the ground just mentioned, that the company was bound to take the same care of him that it did of its other passengers.

The following cases afford exemplifications of the enforcement of the same principle: *Ekman* v. *Minneapolis Street Railway Co.*, 34 *Minn.* 24; *Railroad Company* v. *Stout*, 17 *Wall.* 657; *Metropolitan Street Railway Co.* v. *Moore*, 83 *Ga.* 453; *Wilton* v. *Middlesex Railway Co.*, 107 *Mass.* 108.

The damages appear to be somewhat large, but, in a legal point of view, cannot be said to be so exorbitant as to justify the interference of the court.

Let the rule be discharged.