OTTAWA TRIBE, NO. 15, IMPROVED ORDER OF RED MEN, PLAINTIFF IN ERROR, v. MARGARET MUNTER, DEFENDANT IN ERROR.

1. An exception to a refusal to direct a verdict, which does not disclose the grounds of the motion, is not entitled to consideration on error.

2. On exception to a refusal to nonsuit, only those grounds for the motion which are disclosed in the bill of exceptions will be considered on error.

3. When the plaintiff's declaration avers generally performance by him of all the conditions of the contract, the defendant cannot set up in defence the non-performance of any condition which he has not specified in his plea.

On error to the Camden Circuit.

For the plaintiff in error, *Howard Carrow* and *William J. Kraft.*

For the defendant in error, *Harry S. Scovel* and *Thomas B. Hall.*

The opinion of the court was delivered by

DIXON, J. This suit was brought to recover the sum of $100, upon an agreement made between the defendant and one of its members, Edward H. Munter, the plaintiff's husband, that upon his death the defendant would pay $100 to such person as should be at the expense of his burial or his nearest competent relative. Mr. Munter having died, the plaintiff bore the expense of his burial and was his nearest competent relative.

At the trial in the Camden Circuit two exceptions were taken by the defendant—one, to the refusal of the judge to nonsuit the plaintiff; the other, to his refusal to direct a verdict for the defendant, and on these exceptions the judgment in favor of the plaintiff is now assailed.

If we should confine our attention to that portion of the bills of exception in which the exceptions are noted, we would

be required, by a well-settled rule of practice, to refrain from considering the propriety of the judge's ruling, because no specific reason is there stated for taking any other course than that which he pursued, and hence we could not be legally informed that the reasons urged before us had been brought to the attention of the lower tribunal. Without that, exceptions to such rulings are futile. *Trade Insurance Co.* v. *Barracliff,* 16 *Vroom* 543; *Consolidated Traction Co.* v. *Behr,* 30 *Id.* 477. But on perusing the whole bills of exception we find a statement by the trial judge that the motion to nonsuit was based upon a claim that the defendant's constitution required the plaintiff to take appeals within the order before resorting to the courts of the state for redress upon the contract. This statement may fairly be considered as if incorporated in the exception.

This alleged ground of defence is, however, precluded by the pleadings. The declaration avers compliance by the plaintiff and by Edward H. Munter with all the conditions and requirements of the contract, and to this the defendant pleaded only the general issue and (by leave granted during the trial) the non-payment of dues by Munter. Under our statute (Practice act, § 126), which requires the party to specify in his pleading the condition, the non-performance of which he intends to contest, the defendant's pleas could not support the suggested defence. *Gen. Stat., p.* 2554.

Nor should an additional plea to introduce this defence be now allowed. The defence is purely technical, and if permitted would be interposed against a person not a member of the order and in fact not conversant with its rules.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON. 14.

*For reversal*—None.