EDWARD BARLOW, WHO SUES BY NEXT FRIEND, v. JERSEY CITY, HOBOKEN AND PATERSON RAILWAY COMPANY.

Argued November 11, 1901—Decided February 24, 1902.

A lad of nearly twelve years, without invitation, express or implied, got upon the step of the front platform of a moving electric street car, meaning to become a passenger on the car. Access to the platform was barred by a closed door, the place provided for ingress to the car being at the rear platform. He rapped on the door and the motorman looked toward him but did not open the door, or stop the car or lessen its speed. The car struck a wagon and the boy was thrown off and injured. *Held,* in an action against the company operating the street railway to recover damages for such injury, that the plaintiff was properly nonsuited, because the company owed him no duty except to abstain from willful injury.

On rule to show cause.

The plaintiff, in his declaration, complained of negligence in the operation of the defendant's electric street car, on which he was a passenger, whereby he was injured through collision with a wagon standing in the street. The circumstances were not stated. At the trial there was a nonsuit ordered at the close of the plaintiff's case. The testimony, condensed, was as follows:

The defendant operated an electric railway, by the trolley system, over streets and highways between termini in the cities of Hoboken and Paterson. The cars were large and could be operated from either end. The platforms were enclosed in vestibules, with folding doors, opening inward, at the ends of the platforms. The lower panels of these doors were of wood and the upper ones were of glass. When a car started on a run the door at the right-hand end of the rear platform was left open for ingress and egress of passengers, and the other doors were normally kept closed until the end of the run. At the Paterson terminus it was the custom to open both doors of what, during the run from Hoboken, had

been the front platform, and sometimes, also, to open the door that had been closed, at the other platform; and so to leave the doors while the car stood at the terminus discharging and receiving passengers. On the return run of a car it went, for a few blocks only, reversed from the outward run, and then, by means of a Y in the tracks was turned around so that front and rear would be as before; and for convenience, therefore, while in this short backward run, the conductor and motorman changed places and the trolley pole was turned, but the fender and headlight, when in use, were not disturbed. At about a quarter before six o'clock of an evening in November, 1899, a car started from the Paterson terminus on its return run to Hoboken. The street and car were lighted. The door on the right-hand end of what was then temporarily the front platform was closed. Just after this car started, the plaintiff, who would be twelve years old in the next January, and who had been selling newspapers near the terminus, sprang on the step of such front platform, with the purpose, as he testified, of paying fare as a passenger and riding to his home. He was familiar with the cars of defendant and their method of operation. He had passed by the rear platform, where the door was open and where passengers were entering the car. He testified that he went to the front platform because it would be eventually the rear platform, and that he expected to find the door open, but instead found it closed; that he rapped on the door, and that the motorman looked toward him but did not open the door or stop the car or lessen its speed. Shortly afterward the car collided with a wagon, and the jar threw him off, his foot went under the wheel of the car and received the injury forming the subject of the suit.

Before DEPUE, CHIEF JUSTICE, and Justices GARRISON, GUMMERE and COLLINS.

For the plaintiff, in favor of the rule, *Michael Dunn.*

For the defendant, *contra, William B. Gourley.*

The opinion of the court was delivered by

COLLINS, J.   The nonsuit was right.   The plaintiff was in no sense a passenger.   He got upon the step of the car at a place where he must have seen, if he had looked, that ingress was barred.   That sometimes in defendant's cars the door at that place was left open, and that passengers were allowed to enter there before the car started, did not excuse him from looking to see if an invitation, by an open door, was then extended to him to enter there.   He knew that the rear platform was the proper place to enter a car, and his excuse that the platform he tried to get upon would eventually be the rear one only emphasizes that knowledge.   It should be noticed, too, that when the car would be turned so as to make it the rear platform, the proper place of ingress would have been on the opposite side of the car from that on which the plaintiff attempted to enter it.   If the motorman saw the plaintiff on the step, he owed him no duty but to abstain from willful injury.   He was not legally called on to open the door.   His attention might be needed in the operation of the controller and brake and in keeping a lookout, especially as he was running without headlight or fender.   If it be urged that he was negligent in running his car without those protections, or in not observing that the wagon with which he collided projected over the path of the car, it is sufficient answer to say that only passengers properly in or upon the car or persons lawfully using the highway could have had legal cause to complain of such negligence.

The plaintiff relies on the case of *Kelly* v. *Consolidated Traction Co.*, 33 *Vroom* 514, but the circumstances of that case were very different from those now involved.   There a conductor started a car when he saw a passenger in the act of getting upon it with precarious footing.   We held that, although the attempted entrance was at a place where it need not have been looked for, yet, if it was seen, the conductor ought not to have started the car.   We have never held that to one who jumps on a moving car at a place where he has no right to expect ingress to be afforded, either conductor or motorman owes a duty to stop the car or to lessen its speed.

In the case in hand, if the motorman in fact saw the lad, common humanity should have prompted him to do one of these things in order that the danger of the situation might be averted; but legal duty chargeable to the master is a very different matter.

The youth of the plaintiff gave him no extraordinary right of protection. It has, indeed, been held that care may be due to children getting on street cars that is not due to persons *sui juris.* *Danbeck* v. *New Jersey Traction Co.,* 28 *Vroom* 463. But the plaintiff in this case was of sufficient age and intelligence to be held to the general rules applicable to adults. *Sheets* v. *Connolly Railway Co.,* 25 *Id.* 518; *North Hudson County Railway Co.* v. *Flanagan,* 28 *Id.* 696; *Brady* v. *Consolidated Traction Co.,* 34 *Id.* 25; *S. C.,* 35 *Id.* 373; *Vorrath* v. *Burke,* 34 *Id.* 188.

The rule to show cause must be discharged.