THE STEWART CONTRACTING COMPANY, DEFENDANT IN ERROR, v. TRENTON AND NEW BRUNSWICK RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued November 23, 1904—Decided March 6, 1905.

1. A provision against liens in an unfiled building contract does not protect the building from liens other than those of the party to such contract.

2. A building erected under an unfiled contract with the owner of the land is liable to a sub-contractor for the lien given by section 1 of the Mechanics' Lien act, without the written consent of the owner under section 7.

3. The cases of *Atlantic Lumber Co.* v. *Atlantic Coast Brewing Co.* and *Frank Nutt* v. *Atlantic Coast Brewing Co.*, 30 *Vroom* 48 (affirmed in this court), followed.

4. When a building is erected by some person other than the owner of the land, such building and the estate which such person had in the lands at the commencement of the building, or which he subsequently acquired, is subject to lien under section 7 of the Mechanics' Lien law, and to sale and conveyance under section 28.

On error to the Supreme Court.

For the plaintiff in error, *Richard V. Lindabury* and *Chauncey G. Parker.*

For the defendant in error, *George J. Bergen.*

The opinion of the court was delivered by

GARRISON, J. This writ of error brings up the judgment recovered in a mechanics' lien suit against H. M. Sciple, contractor, and the plaintiff in error, as owner. The case shows that prior to February 27th, 1902, the land now of the plaintiff in error was owned by Edward Nutt; that on February 5th, while Nutt was still owner, a corporation, called in the case the Construction Company, made a written contract with H. M. Sciple for the erection of a power-house, and on February 27th, 1902, took from Nutt and wife a conveyance of the said land; that on March 1st, 1902, Sciple contracted with the defendant in error for a part of the work on the power-house which was erected on said land, and that on July 28th, 1902, the land was conveyed by the Construction Company to the plaintiff in error.

In the recent case of Bates Machine Company *v.* this same plaintiff in error (41 *Vroom* 684), we held that under these circumstances a lien was enforceable against the plaintiff in error as owner, notwithstanding its incorporation for railroad purposes. This disposes of the assignment of error argued in the present case as to the right to lien railroad property.

A second assignment of error is based upon the fact that the contract between Sciple and the defendant in error provided that the bills of the latter should be paid by Sciple, when approved by the engineer of the Construction Company; that such approval was not shown, and that the trial judge charged the jury that Sciple had the right to waive this provision and left to the jury the question of waiver. The correctness of this ruling will not be considered, inasmuch as the defence of the non-performance of this condition was not open to

the plaintiff in error. The plaintiff's declaration averred generally the performance by it of all the conditions of the contract sued on, hence, under our statute, which requires the party to specify in his pleading the condition of the non-performance of which he intends to contest, the pleas of the defendant could not support the suggested defence. *Ottawa Tribe* v. *Munter*, 31 *Vroom* 459.

Another ground urged for the reversal of this judgment is that the trial court charged the jury: "If Sciple chose to accept the work when Sciple chose to consider it as completed, then the debt from Sciple to the plaintiff arose, and that being so, and if you find upon the grounds that the contract was substantially performed, the defendant railroad company would have no right to complain."

No exception was taken to this part of the judicial charge, or any assignment of error based upon it, that I can find. If I am mistaken in this, the language cited, as applied to the debt from Sciple to the plaintiff, correctly stated what the plaintiff must establish in order to recover in its action. No other application of it was made and no request preferred that raised any other point touching it.

Error is also assigned upon the refusal of the trial court to nonsuit the plaintiff "because the principal contract offered in evidence being the contract between the Construction Company and Sciple, expressly provides that no contractor or sub-contractor shall have a lien upon the property; in other words, that the right of lien has been waived."

This assignment is supported, also, by several requests to charge, as well as by the language of the charge itself, to which exception was duly taken, and presents the question whether the existence of a provision against liens in an unfiled building contract protects the building from liens other than those of the party to such contract. This question is not a new one. It was before this court in the case of *Atlantic Coast Brewing Co.* v. *Atlantic Lumber Co.*, on error to the Supreme Court. In the Supreme Court it had been shown by a bill of exceptions that the plaintiff in error had claimed, at the trial in the Circuit Court, that the build-

ing contract between it and Frank Muth, the contractor, prohibited all liens, and that a certain bond from which the name of the defendant in error had been erased referred to this contract. It was thereupon contended—*first,* that the·defendant in error had notice of the provision against liens contained in the building contract; and *second,* that the mere existence of such provision in the principal contract barred the defendant in error from asserting a lien, and the Circuit Court was requested so to charge. The first of these contentions was disposed of by the Supreme Court upon the ground that as the testimony did not establish all of the facts recited in the request, its denial was not error. As to the other contention, viz., that the existence of a provision against liens in the principal contract was a bar against liens, irrespective of the question of notice, the opinion of the Supreme Court was as follows: "The plaintiff in error was not injured unless the bare existence of the waiver of liens in an unfiled contract protects a building from liens. This, obviously, is not so. The right of lien given by the first section is fixed when the materials are furnished, unless it is taken away by section 2. The fact that the builder who made the contract has waived his rights, does not affect the rights of others. In each case the right is personal, and is vested unless personally waived. There is nothing substantial in the assignment." 30 *Vroom* 50.

The case was affirmed in this court upon the opinion of the Supreme Court by a unanimous vote, as appears by the check-list filed in the office of the secretary of state, as of the March Term, 1897.

That the provision of the contract in that case, which was a lien for materials, was broad enough to raise the same question that is here presented, is apparent from its terms, which were: "The owner shall not in any manner be answerable or accountable for any of the materials or other things used or employed in furnishing or completing the building." 30 *Vroom* 49.

In the recent case of Bates *v.* Trenton and New Brunswick Railroad Co., the rule of this·earlier case was incidentally

stated and some additional reasons for its propriety suggested.

These two cases, read together, declare the established doctrine of this state upon this subject, viz., that the mere existence in a building contract of a provision against liens is without force against a sub-contractor who has no notice of such provision, but that with such notice the mere acceptance of employment under such contract will bar such subcontractor from the assertion of any lien.

The argument upon this subject was reinforced in the brief of counsel by the following contention, which I quote at length, as it is recurred to in a supplemental brief:

"But even supposing that the court shall hold that the contract made by the Construction Company with Sciple was signed by the Construction Company as owner, yet, under the circumstances of this case, such a written contract was not a consent in writing for the erection of the building contemplated by section 8 of the Mechanics' Lien law.

"The reason for this contention is that the contract of the Railroad Construction Company contained the following provision:

" 'The contractor agrees to file no liens for any labor or materials furnished under this contract; such waiver of liens, however, is in no way to be considered as a waiver of action by law for the recovery of the amount due the contractor, as approved or awarded by said engineer. It is further agreed that no sub-contractor for work or material shall have any right to file any lien for any sum which may be due or become due to him, and any right to file such lien is expressly waived.'

"The intent of these provisions was that the consent to the building was given upon the express condition that the owner of the land should not be charged with a lien for the erection of the building, while the consent required by the Mechanics' Lien act is an absolute consent to the erection of the building by or through any person or persons, so that the land might be chargeable with the lien thereon.

"This case is controlled by the case of *Hervey* v. *Gay,* 13 *Vroom* 168 *(Court of Errors and Appeals,* 1880)."

Unaided by any exception to any ruling elicited from the trial court touching the necessity of the written consent required by the statute, and finding no assignment of error in which such consent is even mentioned, I am at a loss to see the pertinence of that section of the statute, or of the case of Hervey *v.* Gay, to the argument advanced. The purpose of that section and the purport of that decision are that the title of an owner of lands should not be encumbered by a lien by reason of an erection on such land by any person other than himself. No such situation is presented by the judgment before us in which the land subjected to the plaintiff's lien was conveyed to the plaintiff in error by the Construction Company, who at the time of such conveyance, and at the date of the plaintiff's contract, was itself erecting the power-house upon its own lands, under an unfiled contract with Sciple. If the point intended to be made is that at the date of the signing of such unfiled contract the Construction Company had not acquired Nutt's title, the foregoing argument totally fails, inasmuch as the contract of the Construction Company, not being in such case the contract of the owner, could not be the consent of the owner, and hence could not qualify the statutory rights of the plaintiff.

If in aid of the argument the hypothesis suggested in the brief of counsel be adopted, viz., that the Construction Company contracted as owner, then its contract was not the contract of some person other than the owner, and hence the juncture requiring such consent was not presented. A building erected under an unfiled contract with the owner is liable to a sub-contractor for the lien given by section 1 of the Mechanics' Lien act, without his showing the written consent of the owner under section 7. This was expressly held in the case of *Brewing Company* v. *Donnelly et al.,* which was affirmed by this court on the opinion in 30 *Vroom* 48 (see check-list in office of secretary of state). If, therefore, the building in the present case was erected by the Construction Company as owner, its consent in writing was

not required; whereas, if the Construction Company be regarded as "some person other than the owner of the land," then such building and the estate which ·the Construction Company "had in the lands at the commencement of the building, or which it subsequently acquired," is subject to lien under section 7 of the Mechanics' Lien act, and to sale and conveyance under section 28.

We have also examined the assignments of error respecting grading and the itemizing of the lien claim, and find in them no prejudicial errors.    The judgment of the Supreme Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, BOGERT, VREDENBURGH, VOORHEES, VROOM, GREEN.    11.

*For reversal*—None.