ANNIE HANRAHAN, ADMINISTRATRIX OF THOMAS HAN-
RAHAN, PLAINTIFF IN ERROR, v. METROPOLITAN
LIFE INSURANCE COMPANY, DEFENDANT IN ERROR.

Submitted July 10, 1905—Decided March 5, 1906.

1. In an action upon a policy of life insurance the defendant pleaded
   that the assured had warranted that he had not within fifteen
   years been *under the care* of any physician, and that the statement
   warranted was false; the proof was of a warranty that the *last
   attendance* by a physician was fifteen years before. *Held*, that
   the plea is amendable.
2. In an application for life insurance, to an inquiry for the name
   of the physician who last attended the applicant, the date or the
   attendance and the name of the complaint, the applicant answered,
   "Fifteen years ago; pneumonia," but omitted to state the name
   of the physician. *Held*, that the inquiry as to date of attendance
   related to the last attendance.
3. Where a statement in an application for life insurance warranted
   to be true, is false as far as it goes, but fails to answer the whole
   inquiry, there is a breach of warranty which avoids the policy.
   The insurer waives an answer to that part of the inquiry only
   which is left unanswered.

On error to the Supreme Court.

For the plaintiff in error, *Grey, McDermott & Enright.*

For the defendant in error, *Crouse & Perkins.*

The opinion of the court was delivered by

SWAYZE, J.   This is an action on a policy of life insur-
ance. One of the pleas averred that the assured in his appli-
cation for insurance warranted that he had not within fifteen
years previous to the signing of the application been under
the care of any physician, and that the statement warranted
was false. The exact language of the application material
to the case is as follows: "The following is the name of the
physician who last attended me, the date of attendance and
the name of the complaint for which he attended me: fifteen
years ago; pneumonia." The proof was that a little more

than two years before the application he was sick in bed for about three weeks, and attended by a physician twenty-nine times, for nephritis, an inflammation of the kidneys. The trial judge directed a verdict for the defendant for breach of the warranty above set forth.

The first question which arises is one of pleading. The plea avers a warranty that the assured had not been under the care of a physician within fifteen years. The warranty was that he had not been attended by a physician. Whether the plea sets forth the warranty with sufficient accuracy is a question we do not find it necessary to determine. The printed record does not disclose that this objection was made at the trial. We gather from what was said by the trial judge in directing the verdict that the point urged upon his attention was that the answer relied upon as a warranty was obviously incomplete, and that the failure to give the name of the physician amounted to a waiver by the defendant of the entire question. If the alleged defect in the pleading had been then urged, we cannot doubt that an amendment would have been allowed. Section 126 of the Practice act (*Pamph. L.* 1903, *p.* 572), enacts, in the language of the original act of 1855, that all such amendments as may be necessary for the purpose of determining in the existing action the real question in controversy between the parties shall be so made, and section 125 permits an immediate amendment in case of a variance between the pleading and proof which would not mislead the adverse party to his prejudice. The plaintiff had set forth the application in her declaration. She could hardly have been misled by the difference between an averment that the assured had warranted that he had not been under the care of a physician and proof that he had warranted that he had not been attended by a physician. That she was not actually misled appears from the replications. The first denies that the policy was issued in consideration of the answer that the insured had not within fifteen years been under the care of any physician, and that the answer was a warranty which, if untrue, would avoid the policy; the second denies that the

insured had made answer that he had not within fifteen years previous to the application been under the care of a physician; the third avers that the alleged answer was not in fact false and untrue. We cannot doubt that the plaintiff, having taken issue on these points, had had her attention directed to the statement in the application already quoted.

The anxiety of the courts in cases of this character to avoid the forfeiture of the policy cannot be allowed to prevent the determination of the real question in controversy, as the Practice act requires.

Amendments in suits on insurance policies have been allowed. One of the leading cases on the right of amendment is *American Popular Life Insurance Co.* v. *Day,* 10 *Vroom* 89, in which the style of the action was changed in this court from assumpsit to covenant. This amendment was in the interest of the plaintiff, and not of the insurance company, but this court, in a suit upon a fire insurance policy, permitted an amendment of a plea in the interest of the company, and a judgment for the company was affirmed. *Ware* v. *Millville Fire Insurance Co.,* 16 *Id.* 177.

Amendments were permitted by the Supreme Court, in a suit upon a life insurance policy, where the pleas failed even to indicate the defences. *Dimick* v. *Metropolitan Life Insurance Co.,* 38 *Vroom* 367. Upon a subsequent trial of the issues thus made, judgment was rendered in favor of the plaintiff and subsequently reversed in this court. *S. C.,* 40 *Id.* 384.

It was said, in *Ottawa Tribe* v. *Munter,* 31 *Vroom* 459, that an additional plea would not be allowed to introduce the defence that the plaintiff was required by the constitution of the defendant to take appeals within the order before resorting to the courts of the state for redress upon the contract. This defence was properly characterized as technical; it did not go to the merits of the plaintiff's claim, but merely to his procedure for redress, and was in the nature of a dilatory plea. In the present case the defence goes to the merits, and if sustained entitles the defendant to prevail. It not only goes to the merits by virtue of the written con-

tract, but by the very nature of the case. The contract is one of life insurance; the expectancy of life of the assured, and hence the extent of the risk assumed by the company, may be affected by the condition of the assured's health; it may be of vital importance to the insurer to know how recently the assured had been attended by a physician. The case was fully tried upon this issue, and if necessary the plea may be amended now.

The more important question is the construction of the warranty. We think the clause as to date of attendance is to be referred to the clause immediately preceding as to the name of the physician who *last* attended; this is not only indicated by the close collocation of the two clauses, but by the subsequent clause as to "the name of the complaint for which *he* attended me;" the pronoun, which I have italicized, can refer only to the physician who last attended the applicant. The whole warranty must mean that the date of the last attendance was fifteen years ago, and the complaint pneumonia. This statement was false, and as the applicant agreed that if his statements were not strictly correct and wholly true the policy should be null and void, the plaintiff cannot recover unless the fact that the answer was obviously incomplete in failing to name the physician constitutes a waiver.

The law was accurately stated by Justice Depue, in *Carson v. Jersey City Insurance Co.,* 14 *Vroom* 300. The defendant in that case disclaimed any imputation of fraud, and put itself upon a breach of warranty. At *p.* 306, the court says: "If the insurer issues a policy upon an uncompleted application for the insurance, he cannot afterwards avoid the policy *on the ground that the answers were not full.*" In such a case the failure to state a fact may amount to a fraudulent concealment, but there can be no breach of warranty where the insurer chooses to accept an incomplete statement and the statement is true as far as it goes. The case is, however, very different where the statement is not only incomplete, but is false as far as it goes. In both cases the warranty extends only to the statement actually made, but

where the incomplete answer is true there is no breach; where the incomplete answer is false there is a breach. The present case is of the latter character. That the assured had been attended by a physician for three weeks only a little over two years before was a fact which must have been known to him. The case is therefore within *Dimick* v. *Metropolitan Life Insurance Co.,* 40 *Vroom* 384, and not one of the class of cases of which *Henn* v. *Metropolitan Life Insurance Co.,* 38 *Vroom* 310, is an instance.

We are referred to *Knickerbocker Life Insurance Co.* v. *Trefz,* 104 *U. S.* 197. The assured in that case, in answer to a question whether he had had certain diseases, answered "never sick." It was proved that he had a sunstroke, which was not one of the diseases specified. The court held that the answer "never sick," in the connection in which it was used in the application, must be taken to·mean, not that the party was never sick at all of any disorder, but only that he never had had any of the enumerated diseases so as to constitute an attack of sickness; that the generality of the language of the answer must be restrained to the particulars to which alone it was meant to be applied.

It is argued by the plaintiff in error that the inquiry as to attendance by a physician relates only to attendance for diseases mentioned in a prior inquiry. If that view be taken, it does not avail the plaintiff, for one of the diseases specified is disease of kidneys. The language in this case is not general, as in Knickerbocker Life Insurance Co. *v.* Trefz, and even if read in connection with the previous answer, and restrained to the particular diseases there mentioned, the statement is false.

In *Phoenix Mutual Life Insurance Co.* v. *Raddin,* 120 *U. S.* 183, there were four distinct inquiries as to applications for other insurance and as to existing insurance. The inquiries as to existing insurance were truthfully answered. The inquiries as to applications for other insurance were left unanswered. The court held that the answers were manifestly incomplete; that the insurers had conclusively elected to treat the omission as immaterial, and could not afterwards

make it material by proving that it was intentional. In that case the answer was true as far as it went. Nothing in the opinion suggests that, if the answer actually made had been false, there would not have been a breach of the warranty. Justice Gray pointed out that if the answer had purported to be a complete answer, any substantial misstatement or omission would have avoided the policy. If an incomplete answer, not obviously so, purporting on its face to be complete, avoids the policy, certainly an incomplete answer which is false as far as it goes would have the same effect.

In *Dilleber* v. *Home Life Insurance Co., 69 N. Y. 256,* the inquiry was: "Has the party had, during the last ten years, any sickness or disease? If so, state particulars and the name of the physician or physicians who prescribed, or who were consulted." The answer was: "Nine years ago, had an attack of typhoid fever." The proof was that he had had, also, an attack of spitting blood. The court said that the answers were literally true; it was not said that he had had no other physician; the answer was full and complete so far as it went; and the distinction between the defence for breach of warranty and that for fraudulent concealment was pointed out. The distinction between the case cited and the present case is that here the inquiry was as to the last attendance by a physician; there it was a general inquiry.

In *Robinson* v. *Supreme Commandery, 79 N. Y. Sup. 13,* the answer, as far as it went, was true. The court said that if the applicant intentionally suppressed the truth the contract might be avoided on the ground of fraud, but it would not constitute a breach of warranty. The distinction between that and the present case has been already pointed out.

The trial judge was right in directing a verdict for the defendant, and the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GARRETSON, PITNEY, SWAYZE, GREEN, GRAY, DILL   9.

*For reversal*—DIXON, FORT, BOGERT, VREDENBURGH, VROOM.   5.